UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOKSMART GROUP, INC., <br> Plaintiff, <br> v. <br> MICROSOFT CORPORATION, <br> Defendant. | Case No. 17-cv-04709-JST <br><br> **ORDER RE: MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br> Re: ECF No. 95 |

Before the Court is Defendant Microsoft Corp.'s motion for leave to amend its invalidity contentions. ECF No. 95. The Court issued a claim construction order on November 8, 2018. ECF No. 88. Microsoft now seeks to amend its invalidity contentions, asserting that its amendments were prompted by the Court's order, which primarily adopted Plaintiff Looksmart Group, Inc.'s competing constructions. Looksmart opposes some, but not all, of the proposed amendments. ECF No. 97. The Court will deny the motion to the extent it is opposed.

## I. LEGAL STANDARD

Patent Local Rule 3-6 allows amendment "upon a timely showing of good cause." This inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted. The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) (internal quotation marks and citations omitted). The moving party must demonstrate both "(1) diligence in discovering the basis for amendment" and "(2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal.

Jan. 28, 2013). If the moving party was not diligent, there is "no need to consider the question of prejudice." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006).

## II. DISCUSSION

Looksmart opposes Microsoft's motion primarily on the basis that Microsoft has not been diligent. ECF No. 97 at 5-10.

Patent Local Rule 3-6 lists "claim construction by the Court different from that proposed by the party seeking amendment" as a "[n]on-exhaustive example[] of [a] circumstance[] that may, absent undue prejudice to the non-moving party, support a finding of good cause." However, many judges in this district have determined that "where the court adopts the opposing party's proposed claim construction, the moving party's diligence, without which there is no good cause, is measured from the day the moving party received the proposed constructions, not the date of issuance of the Court's claim construction opinion." *Word to Info Inc. v. Facebook Inc.*, No. 15-CV-03485-WHO, 2016 WL 6276956, at *4 (N.D. Cal. Oct. 27, 2016), *aff'd*, 700 F. App'x 1007 (Fed. Cir. 2017) (internal quotation marks and citation omitted). On the other hand, several courts in this district have also "rejected the date-of-disclosure rule and have instead measured diligence from the date of the claim construction order." *Id.* "While courts in this district have not applied a uniform rule, review of all of the cases reveals that, regardless of the rule applied, diligence determinations are necessarily fact intensive inquiries and must be determined based on the individual facts of each case." *Id.*

As the Court has previously observed, "[c]ourts often follow the 'date-of-order' rule when the court adopts its own construction." *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 3108927, at *2 (N.D. Cal. June 25, 2018). But where the Court's changes to the proposed constructions do "not significantly or materially modify the parties' proposed terms," the Court has declined to rely on that justification to apply the date-of-order rule. *Id.*

Here, the Court adopted in full Looksmart's proposed construction for three of the four disputed terms. ECF No. 88 at 8, 13, 16. For the final term, the Court largely adopted

2

Looksmart's construction, save for deleting a phrase that Microsoft argued was rendered redundant by surrounding claim language. *Id.* at 9-10.[1] Given that Microsoft asserted that this language was duplicative, its omission "did not add, alter, or delete any limitations" in the claims. *Word to Info Inc.*, 2016 WL 6276956, at *5. Accordingly, this line of cases does not aid Microsoft.

Relying on the individualized nature of the diligence inquiry, *see id.* at *4, Microsoft urges the Court to nonetheless apply the date-of-order rule for additional reasons. Microsoft contends that because the parties proposed significantly divergent constructions and Microsoft "relied heavily" on its own construction in crafting its invalidity contentions, "it was reasonable for Microsoft to wait for this Court's constructions before considering whether to amend." ECF No. 98 at 9. As a threshold matter, Microsoft's premise that it consciously (and reasonably) chose to await the Court's order is undermined by its invalidity contentions themselves, which already set forth theories based on "Looksmart's application of the claim terms." *E.g.*, ECF No. 95-5 at 24, 31, 34. Regardless, the Court finds Microsoft's proposition unpersuasive. To the extent Microsoft simply believed its constructions were better supported and that it would prevail, its choice to rely on that assessment does not provide a basis for establishing diligence. *See Word to Info Inc.*, 2016 WL 6276956, at *5 ("[I]f [parties] determine that a proposed contention is frivolous, unlikely to be adopted, relatively unimportant, or too complicated to respond to, they can make a strategic decision not to pursue amendment."). Nor has Microsoft identified any authority suggesting that the diligence inquiry should turn on a post-hoc analysis of the reasonableness of a party's claim construction position. *Cf. Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) (rejecting the argument "that it was proper . . . to wait until the Court issued its claim construction order before seeking amendment because Sequenom reasonably believed that the Court would reject Verinata's proposed constructions"). To the extent that the disparity between the competing constructions may make formulating alternative

---

[1] Looksmart proposed to construe the term "content score" as "a score *generated by comparing content on a web page with a selected word* that indicates the relevance of the content to the selected word." ECF No. 88 at 9 (emphasis added). The Court adopted a construction of "a score that indicates the relevance of the content to the selected word." *Id.* at 9-10.

3

invalidity theories more burdensome in some instances, the purportedly minor nature of Microsoft's proposed amendments suggests that this is not one of those cases.

Microsoft further argues that the date-of-order rule should apply because "the case schedule provided for further amendments following claim construction." ECF No. 98 at 7 (quoting *Radware*, 2014 WL 3728482, at *2). Microsoft does not cite the case schedule, which did not set any deadlines for post-claim construction amendment. ECF No. 36 at 6-7; ECF No. 38 (adopting deadlines in ECF No. 36). Rather, Microsoft relies on Looksmart's failure to object in the parties' joint case management statement after the Court issued its claim construction order, where Microsoft stated that it was considering seeking leave to amend and provided a date by which it expected to do so. ECF No. 89 at 4. Unlike in *Radware*, this post-claim construction waiver-by-silence theory has no bearing on whether it was "reasonable for [Microsoft] to wait until after claim construction to amend," and so does not argue in favor of applying the date-of-order rule. 2014 WL 3728482, at *2.[2]

Nor does *ChriMar Systems Inc. v. Cisco Systems Inc.* support Microsoft's argument. No. 13CV01300JSWMEJ, 2015 WL 13449849 (N.D. Cal. May 14, 2015), *report and recommendation adopted*, No. C 13-01300 JSW, 2015 WL 13450357 (N.D. Cal. June 8, 2015). In *ChriMar Systems*, the court repeatedly emphasized in its diligence finding that "fact discovery is ongoing and there is no fact discovery cut-off date, and no trial date has been set." *Id.* at *4; *see also id.* at *5 ("[N]o deadlines have been set as to the close of discovery, the parties have not engaged in expert discovery, and no trial date is set."). Microsoft's assertion that the present schedule is analogous falls flat. Here, there is a fact discovery cut-off, and it occurs today. *See* ECF No. 36 at 6-7; ECF No. 38. Because *ChriMar Systems* is not on point, the Court need not determine whether lack of prejudice alone supplies a sufficient reason to apply the date-of-order rule.

Accordingly, the Court will measure Microsoft's diligence from June 1, 2018 – the date the parties submitted their joint claim construction statement. ECF No. 62. Microsoft filed its motion over six-and-a-half months later. The Court concludes that Microsoft was not diligent in

---

[2] Nor is the Court anxious to adopt a rule that would encourage parties the making of additional objections in case management statements regarding issues that are not yet ripe for decision.

4

doing so. *See Word to Info Inc.*, 2016 WL 6276956, at *6 (collecting cases where courts have found that a three-to-four month delay in amending contentions is not diligent). Indeed, Microsoft does not even attempt to argue in the alternative that it was diligent under the date-of-disclosure approach. *Cf.* ECF No. 98 at 8-10.

Because Microsoft cannot establish diligence, the Court need not address prejudice. *O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice.").

## CONCLUSION

For the foregoing reasons, the Court DENIES Microsoft's motion for leave to amend to the extent it is opposed. Microsoft shall serve amended invalidity contentions consistent with the terms of this order by February 20, 2019.

**IT IS SO ORDERED.**

Dated: February 6, 2019



JON S. TIGAR
United States District Judge