UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOKSMART GROUP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 17-cv-04709-JST<br><br>**ORDER CONTINUING HEARING AND REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 108 |

Before the Court is Defendant Microsoft Corp.'s motion to strike Plaintiff Looksmart Group, Inc.'s expert report on damages. ECF No. 108. Microsoft urges the Court to strike the report because its contents are not fairly drawn from Looksmart's damages contentions, which were served pursuant to this district's Patent Local Rule 3-8. As explained below, the Court requires additional briefing from the parties regarding certain aspects of the framework for evaluating this motion.

The parties agree that the Court may strike an expert report that is based on theories not asserted in a party's infringement or invalidity contentions. *See* ECF No. 108 at 8; ECF No. 113 at 14. That rule effectively imposes a corresponding obligation for a party to amend its infringement or invalidity contentions to reflect the theories that it intends to pursue at trial. In order to determine whether a similar set of obligations accompany damages contentions, the Court requires further discussion on the amendment of such contentions.

First, is there a duty to amend damages contentions? Looksmart asserts that there is not, citing *Twilio, Inc. v. Telesign Corp.*, which noted "that unlike the more rigorous disclosure requirements for infringement and invalidity contentions (*see* [Patent] L.R. 3-1, [Patent] L.R. 3-3), there is no 'good cause' threshold for amendment of damages contentions, nor is there even a

requirement to amend the contentions." No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017) (quoting Patent L.R. 3-6). To the extent that the *Twilio* court relied on Patent Local Rule 3-6, the Court is not yet persuaded that the rule resolves whether there is a duty to amend damages contentions. Patent Local Rule 3-6 does not, on its face, *require* parties to amend their infringement or invalidity contentions. Rather, it contemplates that such amendments may occur and provides that they "may be made *only* by order of the Court upon a timely showing of good cause." Patent L.R. 3-6 (emphasis added). If Patent Local Rule 3-6 is not the source of the requirement to amend infringement or invalidity contentions, then it is unclear why the fact that damages contentions are not covered by that rule supports Looksmart's position. The parties do not address the *Twilio* court's underlying reasoning or the appropriate inferences to be drawn from Patent Local Rule 3-6.

Similarly, Microsoft asserts that Federal Rule of Civil Procedure 26(e) requires parties to supplement or amend their damages contentions, regardless of any other provisions in the Patent Local Rules. ECF No. 108 at 8-9; ECF No. 115 at 6. Looksmart does not respond to this point.

Second, assuming that there is a duty to amend damages contentions, is leave of court necessary? Without discussing the point, the parties have cited a case from this district in which a court "consider[ed] prejudice to the [opposing party] in deciding whether to permit [a party] to amend its damages contentions." *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF (SVK), 2019 WL 1168536, at *1 (N.D. Cal. Mar. 13, 2019). In other words, the *Finjan* court implicitly required leave of court to amend damages contentions. But neither the parties nor the *Finjan* court have identified the basis for this requirement.

Third, assuming that a court must grant leave to amend, what standard applies? Is the *Finjan* court's prejudice test the correct standard, and if so, why?

Finally, as noted above, Microsoft contends that Civil Rule 26(e) requires Looksmart to amend its damages contentions. In that case, should the Court analyze Microsoft's motion under Civil Rules 26(e) and 37(c)(1)? *See* Fed. R. Civ. P. 26(e)(1) (explaining that a party "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Accordingly, the parties shall file simultaneous supplemental briefs of no more than ten pages, addressing the foregoing questions, by May 23, 2019.

The Court hereby CONTINUES the hearing calendared for May 23, 2019. In light of the parties' prior stipulation regarding the date for this hearing, *see* ECF No. 111 at 2, the Court continues that hearing to June 27, 2019 at 2:00 p.m. The parties may file a joint stipulation requesting a different hearing date, provided that it is no earlier than May 30, 2019.

**IT IS SO ORDERED.**

Dated: May 16, 2019

　　　　　　　　　　　　　　　　　　　　　　　　　　　
JON S. TIGAR
United States District Judge