SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax
*Attorneys for Plaintiff Looksmart Group, Inc.*

Additional attorneys listed on signature page.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOOKSMART GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>Defendant. | Case No. 3:17-cv-4709-JST<br><br>**DECLARATION OF ERIC J. ENGER IN SUPPORT OF LOOKSMART'S OPPOSITION TO MICROSOFT'S MOTION TO STRIKE DR. PAZZANI'S EXPERT REPORT RE INFRINGEMENT**<br><br>Date: August 8, 2019<br>Time: 2:00 pm<br>Place: Courtroom #9 (19th Fl.)<br>Judge: The Honorable Jon S. Tigar |

I, Eric J. Enger, do hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of Texas (admitted *pro hac vice* in this case), and I am an attorney at the law firm of Heim, Payne & Chorush, LLP, counsel for Plaintiff Looksmart Group, Inc. ("Looksmart") in this action. I submit this declaration in support of the LookSmart's Opposition to Microsoft's Motion to Strike Dr. Michael J. Pazzani's Expert Report, pursuant to Local Rule 7-5. I have personal knowledge of the facts recited below, and they are true and correct and based upon my understanding. If called upon as a witness, I could and would competently testify as stated herein.

2. On May 17, 2019, I sent Mr. Jason Wolff, Microsoft's counsel, a detailed three-page letter explaining why Microsoft's "static rank" non-infringement defense was untimely. Ex. CC (5/17/19 Enger Ltr.). The letter notified Microsoft that LookSmart would move to strike Microsoft's non-disclosed non-infringement defense regarding static rank, and requested an immediate meet-and-confer. *Id.*

3. Mr. Wolff and I met-and-conferred four days later, on May 21, 2019. During that meeting, I explained why Microsoft's belated "static rank" non-infringement defense (among others) was improper. In response, Mr. Wolff offered to withdraw the portion of its summary judgment relating to the untimely "static rank" non-infringement defense, if LookSmart would agree not to strike it. I agreed to present this offer to my client.

4. At the end of the meet-and-confer, Mr. Wolff told me that, if LookSmart moved to strike its non-infringement defenses, Microsoft would move to strike Dr. Pazzani's infringement report. This caught me off-guard, as this was the first time that Microsoft had ever mentioned striking Dr. Pazzani's infringement report for exceeding the scope of LookSmart's infringement contentions. I asked whether Microsoft would preemptively move to strike Dr. Pazzani's infringement report before LookSmart moved to strike Microsoft's belated non-infringement defenses, to which Mr. Wolff responded "no." But I never requested that Microsoft wait to strike Dr. Pazzani's infringement report until after LookSmart moved to strike Microsoft's undisclosed defenses.

5. The next day, on May 22, 2019, I sent Mr. Wolff another three-page letter further explaining in detail why Microsoft's "intra-domain link" non-infringement defense was also untimely, and that LookSmart would move to strike it, too. Ex. DD (5/22/19 Enger Ltr.).

6. Two weeks later, on June 4, 2019, LookSmart moved to strike Microsoft's belated non-infringement defenses. ECF No. 130. Microsoft moved to strike Dr. Pazzani's report just two days later.

7. Exhibit A to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Index Serve—the Bing Search Engine," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

8. Exhibit B to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Index Serve Overview," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

9. Exhibit C to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Junhua Want, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

10. Exhibit D to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Junaid Ahmed, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

11. Exhibit E to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Bing Web Index Generation," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

12. Exhibit F to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Utkarsh Jain, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

13. Exhibit G to LookSmart's Opposition is a true and correct copy of the cover pleading for LookSmart's initial infringement contentions, served February 14, 2018.

14. Exhibit H to LookSmart's Opposition is a true and correct copy of the claim chart

1  for LookSmart's amended infringement contentions, served May 18, 2018, containing information
2  which Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the
3  Protective Order.

4      15.    Exhibit I to LookSmart's Opposition is a true and correct copy of an internal
5  Microsoft document titled "BlueWhale Design Review IndexGen," which Microsoft has marked
6  as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

7      16.    Exhibit J to LookSmart's Opposition is a true and correct copy of an internal
8  Microsoft document titled "BlueWhale Design Deep Dive IndexGen," which Microsoft has
9  marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

10     17.    Exhibit K to LookSmart's Opposition is a true and correct copy of an internal
11 Microsoft document titled "Blending Web Results for Superfresh," which Microsoft has marked
12 as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

13     18.    Exhibit L to LookSmart's Opposition is a true and correct copy of an internal
14 Microsoft document titled "IndexGen Features Release Schedules," which Microsoft has marked
15 as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

16     19.    Exhibit M to LookSmart's Opposition is a true and correct copy of LookSmart's
17 second set of interrogatories, which contains information that Microsoft has designated as "Highly
18 Confidential – Attorneys' Eyes Only" under the Protective Order.

19     20.    Exhibit N to LookSmart's Opposition is a true and correct copy of Microsoft's
20 initial responses to LookSmart's second set of interrogatories, which contains information that
21 Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective
22 Order.

23     21.    Exhibit O to LookSmart's Opposition is a true and correct copy of LookSmart's
24 third requests for production of documents to Microsoft, which contains information that
25 Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective
26 Order.

27
28

22. Exhibit P to LookSmart's Opposition is a true and correct copy of Microsoft's responses to LookSmart's third set of document requests, which contains information that Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

23. Exhibit Q to LookSmart's Opposition is a true and correct copy of an October 5, 2018 letter from myself to Mr. Jason Wolff, Microsoft's counsel, and which contains information that Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

24. Exhibit R to LookSmart's Opposition is a true and correct copy of Microsoft's supplemental response to LookSmart's interrogatory no. 10, which contains information that Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

25. Exhibit S to LookSmart's Opposition is a true and correct copy of LookSmart's Notice of Rule 30(b)(6) Deposition of Microsoft, which contains information that Microsoft has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

26. Exhibit T to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Fang Liu, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

27. Exhibit U to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Michael Huang, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

28. Exhibit V to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee Eric Shuai, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

29. Exhibit W to LookSmart's Opposition is a true and correct copy of the deposition of Microsoft employee William Ramsey, which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

1  30. Exhibit X to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Blue Whale Sailing Map," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

31. Exhibit Y to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "IndexGen V2 (Kirin)," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

32. Exhibit Z to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Agenda, Bit Funnel 101," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

33. Exhibit AA to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "Blue Whale," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

34. Exhibit BB to LookSmart's Opposition is a true and correct copy of an internal Microsoft document titled "BlueWhale—IndexServe Interface Proposal," which Microsoft has marked as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

35. Exhibit CC to LookSmart's Opposition is a true and correct copy of a letter I sent to Mr. Jason Wolff, Microsoft's counsel, on May 17, 2019 concerning Microsoft's untimely non-infringement defenses, which arguably contains information Microsoft has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order..

36. Exhibit DD to LookSmart's Opposition is a true and correct copy of a letter I sent to Mr. Jason Wolff, Microsoft's counsel, on May 22, 2019 concerning Microsoft's untimely non-infringement defenses, which arguably contains information Microsoft has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

37. Exhibit EE to LookSmart's Opposition is a true and correct copy of an email string between myself and Mr. Jason Wolff, Microsoft's counsel, from May 17, 2019 until May 24, 2019.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration is executed in Houston, Texas on June 20, 2019.

By: */s/ Eric J. Enger*
Eric J. Enger