UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOKSMART GROUP, INC., <br> Plaintiff, <br> v. <br> MICROSOFT CORPORATION, <br> Defendant. | Case No. 17-cv-04709-JST <br><br> **ORDER DENYING MOTION TO STRIKE** <br><br> Re: ECF No. 108 |

Before the Court is Defendant Microsoft Corp.'s motion to strike portions of Plaintiff Looksmart Group, Inc.'s expert report on damages. ECF No. 108. The Court will deny the motion.[1]

I. **BACKGROUND**

In this patent dispute, Looksmart claims that Microsoft's Bing search engine and related services infringe Looksmart's patent, U.S. Patent Number 7,356,530 (the "'530 patent"). Complaint ("Compl."), ECF No. 1 ¶ 29.

Looksmart filed this action on August 15, 2017. ECF No. 1. On May 22, 2018, Looksmart served its damages contentions pursuant to this district's local rules. ECF No. 108-3. In its contentions, Looksmart stated that it would pursue damages in the form of a reasonable royalty. *Id.* at 3. With the caveat that further discovery was necessary, Looksmart set forth "several potentially relevant approaches" for calculating that royalty. *Id.* at 5. For instance, Looksmart posited that using a 1.3 percent royalty rate, as applied to "Bing search advertising

---

[1] Because this order contains or refers to material subject to sealing orders, the Court initially filed the order under seal and provided the parties seven days to propose redactions. ECF No. 184 at 1 n.1. The parties informed the Court via email that they do not intend to seek any redactions. Accordingly, the Court now files the order on the public docket.

revenue," would produce a royalty of about $575 million. *Id.* at 6. Looksmart also provided a "supplemental analysis" setting forth several methods of estimating the incremental profit derived from the '530 patent's improvements to search latency. *Id.* at 7. Finally, the damages contentions briefly reviewed other factors of potential relevance set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). ECF No. 108-3 at 12-16.

On March 15, 2019, Looksmart served its expert damages report, authored by Michael Lasinski. ECF No. 109-5. Lasinski opined that approximately $39.5 million would be an appropriate royalty over the lifetime of the patent. *Id.* at 6 & n.7. The report explained that the '530 patent's technology enabled Microsoft to achieve the same performance for Bing using fewer servers. *Id.* at 6. Lasinski then based his damages calculation on the incremental costs Microsoft was able to avoid from deploying additional servers and related hardware. *Id.*

On April 23, 2019, Microsoft filed this motion to strike Lasinski's report, arguing that his avoided cost theory of damages was not disclosed by Looksmart's damages contentions. ECF No. 108. Looksmart opposed the motion, asserting in part that a failure to disclose a damages theory in its contentions did not foreclose it from later pursuing that theory. ECF No. 113. After the motion was fully briefed, the Court requested supplemental briefing on various issues related to this district's Patent Local Rule 3-8, the source of the damages contentions requirement. ECF No. 123. The parties then filed supplemental briefs, ECF Nos. 124, 125, and the Court held a hearing on June 27, 2019.

**II. DISCUSSION**

The Court first considers the parties' threshold dispute regarding the requirements of this district's Patent Local Rules, then turns to the specific facts of this case.

**A. Patent Local Rules**

Although this motion concerns damages contentions, much of the parties' dispute turns on the degree to which damages contentions should be treated similarly to infringement and invalidity contentions under this district's Patent Local Rules. The Court thus briefly reviews those requirements.

### 1. Infringement and Invalidity Contentions

As the Federal Circuit has described, the need for this court's local rules arose because "allowing the parties to discover their opponent's theories of liability . . . ha[d] been difficult to achieve through traditional discovery mechanisms such as contention interrogatories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). In particular, "[a]nswers to such interrogatories [we]re often postponed until the close of discovery, or [we]re amended as a matter of course during the discovery period." *Id.* (citations omitted). The Patent Local Rules "address[ed] this problem by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Id.* at 1365-66; *see also Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("Given that deferred responses to contention interrogatories may result in considerable last minute activity in preparation for trial, however, some courts have passed local rules limiting the extent to which parties are at liberty to defer answering contention interrogatories.").

Patent Local Rule 3-1 requires a party claiming infringement to serve infringement contentions within 14 days of the initial case management conference. Patent L.R. 3-1. Infringement contentions must include a detailed claim chart, specifically identifying each claim of each patent alleged to be infringed, as well as information as to how the accused products infringe each claim. *Id.*

Within 45 days of receiving a party's infringement contentions, the opposing party must serve its invalidity contentions. Patent L.R. 3-3. Patent Local Rule 3-3 mandates that invalidity contentions set forth that party's theories of patent invalidity, including, where relevant, the specific items of prior art and an explanation of how they invalidate each patent claim. *Id.*

Patent Local Rule 3-6, in turn, limits a party's ability to amend infringement or invalidity contentions, stating that such amendments "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The rule further explains that "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id.*

It is now well established that "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions." *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-cv-07160-JST, 2018 WL 4945316, at *2 (N.D. Cal. Oct. 11, 2018) (quoting *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST (NC), 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014)); *see also Huawei Techs., Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 946 (N.D. Cal. 2018) (collecting cases). In conjunction with Patent Local Rule 3-6, this limitation on expert reports means that a party wishing to advance new arguments or theories must move diligently to seek leave to amend in order to present those points in an expert report, and ultimately, at trial. The Federal Circuit has recognized the necessity of this enforcement mechanism, explaining that "[i]f the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *O2 Micro*, 467 F.3d at 1366.

### 2. Damages Contentions

While the framework for infringement and invalidity contentions is well developed at this point, the locus of the parties' dispute is Patent Local Rule 3-8, a relatively recent addition. Patent L.R. 3-8 (effective Jan. 17, 2017).[2]

At the outset of the case, Patent Local Rule 2-1 requires parties to set forth in their initial case management statement "a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates." Patent L.R. 2-1(b)(5).[3] After the parties have exchanged infringement and invalidity contentions, Patent Local Rule 3-8 then requires a more detailed disclosure of damages information within 50 days after service of invalidity

---

[2] Prior to January 2017, the Patent Local Rules did not require the exchange of damages contentions. *See* Patent L.R. 3 (effective Nov. 1, 2014; superseded Jan. 17, 2017), https://cand.uscourts.gov/filelibrary/1533/Local_Rules-Patent-Eff_11.1.14.pdf (containing no damages contentions requirement).

[3] If a party is unable to offer the required estimate and supporting explanation, it shall "explain why it cannot," "what specific information is needed before it can do so," and when it expects to comply with its initial disclosure obligation. Patent L.R. 2-1(b)(5).

4

contentions. Patent L.R. 3-8. Specifically, the damages contentions must:

> (a) Identify each of the category(-ies) of damages [the party] is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including:
>
> 1. lost profits;
> 2. price erosion;
> 3. convoyed or collateral sales;
> 4. reasonable royalty; and
> 5. any other form of damages.
>
> (b) To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

*Id.* Patent Local Rule 3-9 likewise requires "each party denying infringement contentions" to provide responsive damages contentions that "identify specifically how and why it disagrees with those contentions . . . . includ[ing] the party's affirmative position on each issue." Patent L.R. 3-9.

### B. Legal Issues

#### 1. Duty to Amend

Having considered the parties' briefing, the Court concludes that Federal Rule of Civil Procedure 26(e) imposes a duty to supplement or amend damages contentions when a party's damages theory shifts "in some material respect." Fed. R. Civ. P. 26(e)(1)(A).

This approach is consistent with the nature and function of damages contentions. Rule-ordered contentions replace "traditional discovery mechanisms such as contention interrogatories." *O2 Micro*, 467 F.3d at 1365. Prior to the enactment of Patent Local Rule 3-8, parties routinely attempted to elicit damages contentions through initial disclosures and contention interrogatories. *See Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278 (N.D. Cal. 2015) (describing "a typical patent damages interrogatory"). In the ensuing disputes over the adequacy of those responses, a number of "[c]ourts in this district . . . compelled patent plaintiffs to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports." *THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG (DMR), 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016) (first citing *Corning Optical*, 306 F.R.D. at 279; then citing *Mobile Storage Tech., Inc. v. Fujitsu*

*Ltd.*, No. 09-cv-03342-JF (PVT), 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010)); *cf. Chrimar Sys. Inc. v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW (MEJ), 2013 WL 4647392, at *2 (N.D. Cal. Aug. 29, 2013) (denying request for early damages contentions). These courts addressed concerns that detailed responses were premature by explaining that "[a] patent plaintiff must respond to interrogatories and provide Rule 26 disclosures based on the information it has or can reasonably be expected to have at that point in the case, subject to subsequent supplementation as the facts develop through discovery." *THX*, 2016 WL 2899506, at *8; *see also Corning Optical*, 306 F.R.D. at 279 ("To be sure, new information may come to light as the case proceeds that might drastically alter Coming's positions. But Rule 26(e) provides a solution for that: supplementation."). It is against this backdrop that the district promulgated Patent Local Rule 3-8, providing a standardized damages contentions requirement. *See Huawei Techs.*, 340 F. Supp. 3d at 945 ("Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." (quoting *ASUS Comput. Int'l*, 2014 WL 1463609, at *1)).

Looksmart's position is that the Patent Local Rules replaced this ongoing duty to supplement damages contentions with a scheme under which a party discloses the required damages information at a fixed point in time and then has no obligation to update that disclosure until serving an expert report. The Court disagrees.

Looksmart first relies on the fact that damages contentions are omitted from Patent Local Rule 3-6. ECF No. 125 at 4. As noted above, Patent Local Rule 3-6 provides that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. On its face, Patent Local Rule 3-6 does not require a party to amend, but rather imposes conditions on its ability to do so. Indeed, the rule states that "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id.* In other words, the rule recognizes an independent duty to supplement, but instructs that the need to obtain leave of court supersedes this duty.

Looksmart also cites to three cases from this district stating that there is no requirement to amend damages contentions served under Patent Local Rule 3-8. All three cases contain the same

6

statement, originating with *Twilio Inc. v. Telesign Corp.*: "It is worth noting that unlike the more rigorous disclosure requirements for infringement and invalidity contentions (see L.R. 3-1, L.R. 3-3), there is no 'good cause' threshold for amendment of damages contentions, nor is there even a requirement to amend the contentions. *See* L.R. 3-6." No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017); *see also Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF (SVK), 2019 WL 1168536, at *1 (N.D. Cal. Mar. 13, 2019) (same); *Hunter Douglas Inc. v. Ching Feng Home Fashions Co.*, No. 17-cv-01069-RS (JSC), 2017 WL 6329910, at *1 (N.D. Cal. Dec. 12, 2017) (same). The question whether there is a duty to amend was not before the *Twilio* court, and none of these cases offered any reasoning as to why no duty exists. To the extent that they apparently relied on Patent Local Rule 3-6, this Court disagrees, as just explained.

Moreover, upon closer examination, none of the cases stand for the stated proposition. In fact, both the *Twilio* and *Finjan* courts contemplated the possibility of *some* duty to amend. The *Twilio* court noted "that a new theory of recovery (such as lost profits instead of or in addition to a reasonable royalty), would require amendment to the damages contentions." *Twilio*, 2017 WL 5525929, at *5. The *Finjan* court directly considered "whether to permit [plaintiff] to amend its damages contentions to state that it is seeking recovery under a theory of convoyed or collateral sales." *Finjan*, 2019 WL 1168536, at *1. Moreover, given that the *Finjan* court proceeded to consider the potential prejudice to defendant Cisco, including whether Finjan's amendment of its damages contentions came too close to the end of the discovery period, *id.* at *2, it is difficult not to conclude that the court postulated that Finjan should have amended its contentions earlier. That looks an awful lot like duty. And in *Hunter Douglas*, plaintiff had in fact already amended its damages contentions twice. *Hunter Douglas*, 2017 WL 6329910, at *1.

Looksmart next turns to a case holding that Rule 26(e) does not apply to infringement or invalidity contentions. ECF No. 125 at 5 (citing *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1106 (N.D. Cal. 2004)). While the *Integrated Circuit* court agreed with plaintiff "that the supplementation requirements of Federal Rule of Civil Procedure 26(e) do not apply to disclosures made pursuant to Patent Local Rule 3," it addressed a prior version of the rule that did not include damages contentions. 308 F. Supp. 2d at 1106.

Critically, the court reasoned that "[a] plaintiff who later desires to accuse additional products must do so by obtaining leave of court to amend its disclosures" under the local rules, and "[r]equiring or even permitting a plaintiff to amend or supplement its disclosures as it discovers new products" was incompatible with the need to obtain leave of court. *Id.* at 1107.

The concerns that animated the *Integrated Circuit* court's decision are not present here. As to infringement and invalidity contentions, Patent Local Rule 3-6 replaced a scheme where responses to those contention interrogatories were "amended as a matter of course during the discovery period," with a more limited approach to amendment, conditioned on good cause. *O2 Micro*, 467 F.3d at 1365. But while Patent Local Rule 3-6 might apply *instead* of Rule 26(e), *see Integrated Circuit*, 308 F. Supp. 2d at 1107, Patent Local Rule 3-6 does not cover damages contentions. Given this omission, the Court concludes that the *Integrated Circuit* court's reasoning does not extend to this case.

Looksmart further argues that a duty to amend does not serve the identified purposes of damages contentions. ECF No. 125 at 6-7. In *Twilio*, the court observed that "[t]he timing as to when a plaintiff must provide a computation of damages is not arbitrary." 2017 WL 5525929, at *2. Citing a model rule proposed by the Sedona Conference, the *Twilio* court explained that the Patent Local Rules require damages contentions to be "provided early enough in the course of fact discovery to inform the parties and the court on issues of relevance and proportionality," and also to "create[] a potential opportunity for meaningful settlement discussions." *Id.* (citing The Sedona Conference, *Commentary on Case Management of Patent Damages and Remedies Issues: Proposed Model Local Rule for Damages Contentions*, at p.4 (April 2016, public comment version) ("Sedona Proposed Model Rule")); *see also* ECF No. 125-2 at 10. As the context of both the *Twilio* court's discussion and the Sedona Conference's commentary make clear, these purposes are key factors in determining the optimal "Timing of Damages Contentions Disclosures." *Id.*

It is hard to see how a duty to amend conflicts with these purposes, given that both the appropriate scope of discovery and the potential terms of a settlement both become clearer as the plaintiff's damages contentions more accurately reflect its case. Like their predecessor –

8

"[a]nswers to contention interrogatories" – damages contentions "serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Woods*, 692 F.3d at 1280. And courts have long recognized that "answers to contention interrogatories evolve over time as theories of liability and defense begin to take shape; answers to those interrogatories may not come into focus until the end of discovery." *Id.* (citing *O2 Micro*, 467 F.3d at 1365). In order to effectuate those purposes, therefore, "Rule 26(e) requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, be corrected or supplemented to reflect those changes." *Asia Vital Components Co. v. Asetek Danmark A/S*, -- F. Supp. 3d --, No. 16-cv-07160-JST, 2019 WL 1369908, at *4 (N.D. Cal. Mar. 26, 2019) (quoting *Woods*, 692 F.3d at 1280).

The potential for a party's theories to evolve is particularly acute in the case of damages contentions. According to Looksmart, "[i]t is difficult to assess damages at the end of the case, and impossible to do so at the beginning of the case." ECF No. 112-14 at 14. If parties know that damages contentions may bear no relation to a party's ultimate theories and thus become stale immediately upon service, the Court fails to see how their disclosure effectively serves any of the above purposes. *See O2 Micro*, 467 F.3d at 1366 ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). To put it in terms of this case, Looksmart's damages contentions alleged a reasonable royalty of approximately $575 million. ECF No. 108-3 at 6. Its expert report reduced that damages figure by more than an order of magnitude, to $39.5 million. ECF No. 109-5 at 6 & n.7. If, hypothetically, Looksmart became aware of the basis for this reduction (or a substantially greater one) shortly after service of its damages contentions, that information would clearly be pertinent to any determination of proportionality or "meaningful settlement discussions." *Twilio*, 2017 WL 5525929, at *2.

Finally, Looksmart points to language in the Sedona Proposed Model Rule, which expressly states that "[t]he Damages Contentions and computations may be supplemented and/or amended consistent with Rule 26(e)." ECF No. 125-2 at 13. Noting that Patent Local Rule 3-8

otherwise generally tracks the model rule, Looksmart urges the Court to infer that this district did not intend for Rule 26(e) to apply. ECF No. 125 at 8; *see also In re Pangang Grp. Co., LTD.*, 901 F.3d 1046, 1055-57 (9th Cir. 2018) (applying statutory canons of construction to interpret Federal Rules of Criminal Procedure). There is a countervailing inference to be drawn from the rules, however. As discussed above, where the Patent Local Rules otherwise modify the "duty to supplement discovery responses," they do so explicitly. Patent L.R. 3-6; *see also* Patent L.R. 2-5 (setting forth "categories of discovery responses," including damages contentions, to which a party may defer its response "on the ground that they are premature in light of the timetable provided in the Patent Local Rules"). To the extent that the rules' silence on this point "support[s] a sensible inference that the term left out must have been meant to be excluded," the Court concludes that the inference runs in Microsoft's direction. *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002); *see also United States v. Vonn*, 535 U.S. 55, 65 (2002) (explaining that a "partial repeal of [a federal rule] by implication [is] a result sufficiently disfavored as to require strong support" (citation omitted)).

In sum, prior to the enactment of Patent Local Rule 3-8, parties had an ongoing obligation to supplement their responses to damages contention interrogatories consistent with Rule 26(e). Unlike infringement and invalidity contentions, the local rules did not cabin this duty to amend with a more limited amendment scheme controlled by the court. *Cf.* Patent L.R. 3-6 ("The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions."). Notably, Looksmart identifies no analogous category of contentions, under the Patent Local Rules or otherwise, that are treated as one-time obligations that need never be amended. As explained above, nothing in the text of the Patent Local Rules, their purpose, or the relevant case law indicates that damages contentions are unique in this regard.

The Court therefore holds that Rule 26(e) requires parties to supplement or amend their damages contentions when a party's damages theory shifts "in some material respect." Fed. R. Civ. P. 26(e)(1)(A).

### 2. Conditions of Amendment

The Court next turns to whether leave of court is required to amend damages contentions, and if so, what standard applies.[4]

Microsoft posits that amendments should be subject to the requirement of Federal Rule of Civil Procedure 16(b)(4), which requires "good cause" and leave of court to modify a pretrial scheduling order issued under Rule 16(b). ECF No. 124 at 5-6. While Microsoft's argument carries some force, the Court concludes that a leave of court standard is not appropriate for *amendments* to damages contentions.[5] In particular, the Court finds it significant that, despite the well-established framework requiring leave of court to amend infringement and invalidity contentions, the district did not expressly adopt a similar requirement. *See SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1355 (2018) ("Congress's choice to depart from the model of a closely related statute is a choice neither we nor the agency may disregard."). A more liberal approach to amendment of damages contentions also comports with the recognition that damages are particularly difficult to evaluate in the early stages of a patent case, prior to substantial discovery. *See Twilio*, 2017 WL 5525929, at *3 (noting "[t]he expectation built into L.R. 3-8, as well as L.R. 3-9, that there is discovery – perhaps significant discovery – still to be conducted at the time of computation"); *Corning Optical*, 306 F.R.D. at 279 (recognizing that "new information may come to light as the case proceeds that might drastically alter Coming's positions" on damages).

Microsoft alternatively attempts to locate this requirement in the Court's inherent authority to control its docket. ECF No. 124 at 6. In both cases, Microsoft relies on the potential consequences that would flow from the absence of the requirement, expressing concern that late-stage unilateral amendments will prejudice to opposing parties. *Id.* at 6-7. These are valid concerns.

Nonetheless, the Court concludes that Rules 26(e) and 37(c) provide an adequate remedy

---

[4] Although Looksmart did not seek leave to amend, the standards applicable to amendment are intertwined with the question whether to strike an expert report for exceeding the scope of damages contentions, as explained further below.

[5] The Court need not consider whether modifications to the deadline to initially serve damages contentions are subject to Rule 16(b)(4).

11

to deter unduly prejudicial amendments. Rule 26(e)(1)(A) requires a party to amend its damages contentions "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1), in turn, precludes a party who violates that obligation from "us[ing] that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A party aggrieved by an untimely amendment to damages contentions, or an expert report that exceeds their scope, may therefore move to strike the offending material under those rules. *See Asia Vital*, -- F. Supp. 3d --, 2019 WL 1369908, at *4-6 (granting motion to strike expert report's noninfringement theory not disclosed in response to contention interrogatory); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3155574, at *4-5 (N.D. Cal. Aug. 2, 2012) (finding sufficient prejudice to strike expert reports where party supplemented answers to contention interrogatories on same subject after close of fact discovery). Thus, contrary to Microsoft's position, parties are not "free to withhold their true contentions until long after the contentions deadline has passed." ECF No. 124 at 7. A party that plays fast and loose with its damages theories risks having its whole theory struck, as well as additional sanctions. *See* Fed. R. Civ. P. 37(c)(1).

Because the Court concludes that leave to amend is not required, it need not address whether good cause or some other standard would apply. In effect, however, the standards governing amendment are those contained in Rules 26(e) and 37(c), enforceable upon motion by the opposing party.

### C. Case-Specific Analysis

With those legal principles in mind, the Court addresses the facts of this case.

Looksmart first argues that it did not violate any duty to amend because it did not attempt to assert a different category of damages listed in Patent Local Rule 3-8. ECF No. 125 at 10-11; ECF No. 112-14 at 12. Patent Local Rule 3-8 provides examples of categories of damages, such as lost profits, price erosion, convoyed or collateral sales, reasonable royalty, as well as a catchall "any other form of damages." In light of the Court's holdings above, the Court construes this as an argument that any shift in a party's damages theory is not "material," Fed. R. Civ. P. 26(e), so

12

long as the theory falls within the same category.

Looksmart's position lacks support in the text of the rule. Patent Local Rule 3-8 requires a party to identify not only each category of damages, but also "its theories of recovery, factual support for those theories, and computations of damages within each category." Moreover, Looksmart's approach would strip the duty to amend (and by extension, damages contentions themselves) of any practical significance, as parties could allege an entirely different theory of damages, turning on different facts, and resulting in a drastically different case value. As the Federal Circuit has recognized, Rule 26(e) demands more. *See Woods*, 692 F.3d at 1280 ("Rule 26(e) requires that as *theories* mature and as the relevance of various *items of evidence* changes, responses to interrogatories, and particularly contention interrogatories, be corrected or supplemented to reflect those changes." (emphasis added)).

Looksmart's authority is not to the contrary. The *Finjan* court concluded that amendment was required for a different category of damages, but nothing in its order implies that a party need not amend to assert a different theory under the same category. *Finjan*, 2019 WL 1168536, at *1. Similarly, in *Twilio*, the court gave the assertion of "lost profits instead of or in addition to a reasonable royalty" as an example of "a new theory of recovery" requiring amendment, but did not address a distinct theory within the same category. *Twilio*, 2017 WL 5525929, at *5.[6]

Here, the Court need not define with a high degree of precision the extent to which shifts in theories, supporting facts, or computations of damages are sufficiently material to require supplementation under Rule 26(e). At the very least, a party's damages contentions must disclose the basis for its expert's specific theory of recovery. *Cf. Golden Bridge Tech. Inc v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (asking whether "the expert has permissibly specified the application of a disclosed theory, or has . . . impermissibly substituted a new theory altogether").

---

[6] The out-of-district case on which Looksmart relies involved a failure to disclose any category of damages whatsoever under Rule 26(a)(1)(C), and so bears little relevance to the question regarding amendment of disclosures under Patent Local Rule 3-8. *Vinotemp Int'l Corp. v. Wine Master Cellars, LLLP*, No. 11-cv-1543-ABC (PLAX), 2013 WL 5366405, at *3 (C.D. Cal. Feb. 5, 2013). Nevertheless, it too does not suggest that only "categories" of damages are material.

13

Looksmart's argument that its damages contentions did so is not persuasive. At the hearing, Looksmart identified three general statements that (1) "a cost savings approach" was one of several potential damages theories; (2) "the cost of [Microsoft's] next best alternative that avoids infringement of the Patent-in-Suit . . . may also be considered" to determine Microsoft's willingness to pay; and (3) a licensee's benefit includes "the full economic costs . . . associated with developing, relying on, and using the next-best, practically available, non-infringing alternative." ECF No. 108-3 at 3, 5, 16. To say the least, these boilerplate statements do nothing to disclose the basis for Looksmart's actual avoided cost theory.

Looksmart also pointed to a portion of its damages contentions stating that damages might be based on "incremental revenues and profits . . . attributable to 500 milliseconds in search latency improvement." *Id.* at 7. Within one of three suggested methods for calculating incremental benefits – a comparison based on a search algorithm agreement between Microsoft and Yahoo – Looksmart's damages contentions identified various "apportionments that may need to be applied" to the agreement's royalty rate, including a "[r]eduction in Yahoo's expenditures for search engine maintenance." *Id.* at 9. Looksmart further stated that the entire method "may require a detailed analysis of cost savings Yahoo achieved as a result of the Microsoft / Yahoo search arrangement." *Id.* at 10. These statements that Looksmart might apply an analysis to another search technology agreement, and that that analysis might include reduced search engine maintenance, are a far cry from letting Microsoft know that Looksmart's damages would be primarily or exclusively based on Microsoft's own avoided server cost.[7]

The Court thus concludes that the shift in Looksmart's damages theory was "material." Fed. R. Civ. P. 26(e)(1)(A). Nor is there any dispute that Looksmart failed to amend its contentions "in a timely manner." *Id.*

The remainder of Looksmart's argument is devoted to, in effect, whether "the additional or corrective information has . . . otherwise been made known to the other parties during the

---

[7] To be clear, the Court does not suggest that Looksmart was obligated to provide in its damages contentions a level of specificity and factual detail that it did not yet possess. *Cf.* Patent L.R. 3-8(b). The point of this order is that, once Looksmart acquired that information, it was required to supplement its damages contentions to reflect the basis for its theory.

discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Looksmart contends that its damages theory was made known to Microsoft through a series of discovery exchanges and disputes concerning Bing News' query cache, and eventually, server count. ECF No. 112-14 at 8-11.

The Court first offers a general observation regarding Looksmart's argument. The question asked by a contention interrogatory – or that needs to be provided by a damages contention – is not simply whether a specific subject is potentially in play in the litigation. The purpose is to describe the particular relevance of that subject to a party's theory of infringement, invalidity, or damages. The assertion that this purpose is equally well satisfied by requiring a party to wade through its opponent's discovery material will almost never be reasonable, especially given the volume and complexity of most patent discovery. *See Asia Vital*, -- F. Supp. 3d --, 2019 WL 1369908, at *5 ("The post-hoc identification of a needle in a haystack does not cure [a] failure to respond [to a contention interrogatory]."); *Apple*, 2012 WL 3155574, at *5 (noting thousands of pages of documents and over five hundred prior art references and explaining that "[i]t would have been difficult, if not impossible, for Apple to have known which prior art references and evidence were intended to support which theory, without Samsung amending its responses to the contention interrogatories in a timely manner"). Indeed, the point of contentions is to eliminate the guesswork involved in going through a party's documentary and other evidence.

Even assuming there might be a case in which a party's discovery adequately placed its opponent on notice as to its damages theories, Looksmart's documents do not reasonably suggest its avoided cost theory. For example, the fact that Looksmart included questions about Bing News and its query cache in voluminous interrogatories, requests for production, and a deposition notice, *see* ECF No. 112-15 at 3-5; ECF No. 112-17 at 4; ECF No. 112-21; ECF No. 113-8 at 3, does not compel the understanding that Looksmart's damages theory was premised on avoided cost of Bing News servers. The final two documents in Looksmart's narrative reveal a dispute over Microsoft's obligation to produce information regarding the number of servers, ECF No. 112-23 at 2; ECF No. 112-24 at 2, but this still does not bridge the gap from server count to an avoided cost theory. At bottom, this type of inferential guesswork is precisely what damages contentions are

intended to avoid.

The Court therefore concludes that Looksmart violated Rule 26(e) by failing to amend its damages contentions. Looksmart may nonetheless pursue its previously undisclosed theory in its expert report if it can "establish[] that the failure was substantially justified or is harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)).

The Ninth Circuit's analysis in *Goodman* is dispositive as to this question:

> Although we agree with the district court that Goodman failed to comply with Rule 26(a) when she did not timely disclose expert reports for her medical experts, we must also acknowledge that the law regarding the scope of the "treating physician" exception in the hybrid expert situation was unsettled in this circuit before today. While we do not fault the district court for its ruling limiting Goodman's physicians' testimony, we think that fairness counsels in favor of applying our newly-clarified rule regarding hybrid experts prospectively. Under the circumstances, it would be unjust to allow Goodman's mistake about a previously unsettled point of law to be the coup de grâce to her case.

*Goodman*, 644 F.3d at 826. As the Court's prior analysis makes clear, a party's obligation to amend its damages contentions under Patent Local Rule 3-8 was "previously unsettled" at best. *Id.* Given this uncertainty, it would be unfair to strike Looksmart's only damages theory from its expert report, thereby delivering "the coup de grâce to [its] case." *Id.*

The Court therefore concludes that Looksmart's failure to amend was substantially justified, regardless whether it was harmless. *See* Fed. R. Civ. P. 37(c)(1) (asking whether "the failure was substantially justified *or* harmless" (emphasis added)). Accordingly, the Court will deny the motion.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to strike.

The parties should meet and confer as to whether adjustment to the case schedule is required as a result of this order. By July 12, 2019, the parties must either jointly propose an

/ / /

/ / /

/ / /

16

1 amended case schedule, or make competing proposals.  If no proposed amended schedule is filed
2 by July 12, 2019, the Court will conclude that no amendment is necessary.

**IT IS SO ORDERED.**

Dated:  June 28, 2019



_____
JON S. TIGAR
United States District Judge