M. Elizabeth Day (SBN 177125)
eday@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248

Jason S. McManis (*pro hac vice* to be filed)
jmcmanis@azalaw.com
Weining Bai (*pro hac vice* to be filed)
wbai@azalaw.com
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101

*Attorneys For Plaintiff,*
*LookSmart Group, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOKSMART GROUP, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MICROSOFT CORP., <br><br> *Defendant*. | CASE NO. 4:17-cv-04709-JST <br><br> **LOOKSMART GROUP, INC.'S AMENDED ADMINISTRATIVE MOTION TO RELATE CASES** |

1

Pursuant to Civil Local Rule 3-12 and the Court's Order Denying Motion to Relate Without Prejudice (Dkt. 232 in the Microsoft Action; Dkt. 14 in the Google Action), Plaintiff LookSmart Group, Inc. ("LookSmart") brings this amended administrative motion to relate *LookSmart Group, Inc. v.Google, LLC*, No. 5:24-cv-7147-YGR (the "Google Action") with *LookSmart Group, Inc. v. Microsoft Corporation*, No. 4:17-cv-04709-JST (the "Microsoft Action"). The Microsoft Action and the Google Action involve the same plaintiff, the same asserted patent, U.S. Patent No. 7,356,530 (the "'530 patent"), and internet search results ranking technology. As shown in **Exhibit A** attached hereto (Dkt. 9 in the Google Action), Defendant Google LLC was served with a copy of LookSmart's initial Administrative Motion to Relate Cases on October 24, 2024. In addition, counsel for Google, LLC, David Silbert at Keker Van Nest & Peters LLP, contacted the undersigned today to request an extension of time to respond to the complaint. A copy of this amended administrative motion will be sent to Mr. Silbert via email.

A. Procedural History

LookSmart asserted the '530 patent against Microsoft in this District by filing a complaint on August 15, 2017. The case was assigned to Judge Tigar and remained pending until October 22, 2019 when the parties dismissed the case. During the time while the case was pending Judge Tigar issued a claim construction order (Dkt. 88), oversaw case management conferences, including the issuance of a case schedule through trial (Dkt. 92, 221) and handled several motions, including motions to amend contentions (Dkt. 95, 103), to strike expert reports (Dkt. 108, 143, 189), *Daubert* (Dkt. 118), for summary judgment (Dkt. 120, 122) and for sanctions (Dkt.130). The parties dismissed the case with prejudice on October 22, 2019 (Dkt. 228).

B. The Microsoft Action and the Google Action Are Related.

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that

there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." The Microsoft Action and the Google Action are related under the definition of Civil Local Rule 3-12(a).

1. **The Actions Involve the Same Plaintiff, the Same Asserted Patent and Similar Accused Technology.**

LookSmart's '530 patent is asserted against Microsoft in the Microsoft Action and is asserted against Google in the Google Action. The technology accused of infringing the '530 patent is generally related to search technology. In the Google Action, LookSmart accuses Google's search results ranking of infringing the '530 patent. Here, LookSmart accuses Microsoft's Bing search results ranking technology of infringing the '530 patent. There is likely to be a significant overlap in the asserted patent claims in this action and those asserted in the Google Action. The Microsoft Action was pending before Judge Tigar from August 2017 to October 2019, during which time he invested significant court resources in managing the case. *See* Section A above.

2. **It Would Be Unduly Burdensome for Another Judge in this District to Oversee the Google Action Given Judge Tigar's Prior Investment of Time and Resources.**

As explained above, Judge Tigar oversaw the Microsoft Action for several years, issuing multiple scheduling and substantive orders, including a claim construction order, which is likely to inform the appropriate constructions of the same claims of the same patent in this action. Given the overlap of the plaintiff, the asserted patent and that both cases are directed to internet search results ranking technology, it is inefficient, and perhaps unduly burdensome, to ask another judge in this District to oversee this action. Relation of this action with the prior Microsoft Action would conserve judicial resources by allowing a single judge, Judge Tigar, who has previously gained familiarity with the '530 patent, to oversee this second patent infringement dispute involving the '530 patent and search results ranking technology.

For these reasons, LookSmart respectfully requests that the Court find that this action and the Microsoft Action are related under Civil Local Rule 3-12.

Dated: November 4, 2024

Respectfully submitted,

*/s/ M. Elizabeth Day*
M. Elizabeth Day (SBN 177125)
eday@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248

Jason S. McManis (pending pro hac vice)
jmcmanis@azalaw.com
Weining Bai (pending pro hac vice)
wbai@azalaw.com
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101

*Attorneys for Plaintiff*
LookSmart Group, Inc.